UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

    v.

STANFORD UNIVERSITY MEDICAL CENTER, et al.,

    Defendants.

_____/

No. C 07-0871 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendants Stanford University Medical Center ("Stanford"), Lori Hart, and Janis Troeger for an order dismissing the above-entitled action pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6) came on for hearing on July 25, 2007. Plaintiff John Shek appeared in propria persona, and defendants appeared by their counsel, Stephanie B. Bradshaw. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

## BACKGROUND

On January 12, 2005, Shek was terminated from his position as a radiation technologist at Stanford. On January 12, 2006, he filed a complaint of discrimination under the California Fair Employment and Housing Act ("FEHA"), with the California Department of Fair Employment and Housing ("DFEH"). In his DFEH complaint, Shek alleged that he had been terminated by Stanford because of his race, age, and disability. The DFEH notified Shek of his case closure on December 21, 2006, and issued him a right-to-sue letter at that time. The DFEH was unable to conclude from its investigation whether Shek's complaint constituted a statutory violation. Shek filed the present action on February 9,

2007, alleging discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et seq.[1]

Defendants seek an order dismissing the complaint for lack of subject matter jurisdiction. Defendants contend that because Shek failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"), this court lacks subject matter jurisdiction and must dismiss the complaint pursuant to Rule 12(b)(1). Additionally, defendants argue that by failing to exhaust his administrative remedies, Shek has not stated any cognizable federal claims for which this court may grant relief, and his claims should be dismissed pursuant to Rule 12(b)(6).

Shek argues that defendants' motion to dismiss is brought in bad faith. Shek asserts that he exhausted his administrative remedies through the internal grievance process at Stanford. He submits copies of numerous letters to the Stanford Human Resources Department as evidence that he exhausted his administrative remedies. He also argues that there are triable issues of material fact which prevent this court from dismissing the action. Additionally, Shek contends that the motion to dismiss cannot be granted because Stanford could not discharge him for protesting against their policies which allegedly posed a danger to public safety.

**DISCUSSION**

A.  Subject Matter Jurisdiction

1.  Legal Standard

A party is permitted to defend against an action by motion on the grounds that the court lacks the subject matter jurisdiction to hear the claim. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988); see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ¶ 2:90 (2007). As

---

[1] Shek alleges discrimination on the basis of race, age, and disability. Thus, the court interprets the complaint as also asserting claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").

2

the party seeking to invoke the court's jurisdiction, the plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). Failure to exhaust administrative remedies before filing a complaint is a jurisdictional defect and strips the federal court of power to hear the case. Shipek v. United States, 752 F.2d 1352,1353 (9th Cir. 1985).

In order to evaluate its power to review a claim, a court may refer to the original complaint to establish a basis for subject matter jurisdiction. Morongo, 858 F.2d at 1381, n. 2. Typically, the court should accept all allegations of material fact as true in a light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, where the jurisdictional inquiry is separable from the merits of the case, there is no presumption of truthfulness of the complaint. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Additionally, the court may also consider extrinsic evidence; and if the evidence is disputed, it may weigh the evidence and determine the facts in order to satisfy itself as to its power to hear the case. Id.

To establish federal subject matter jurisdiction for a Title VII claim, a plaintiff must exhaust his remedies by filing an administrative charge of discrimination with the EEOC before commencing an action in federal court. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001). The ADA incorporates the enforcement procedures of Title VII. 29 U.S.C. § 12117(a).

The relevant statute, 42 U.S.C. 2000e-5(1), requires that a charge under Title VII be filed with the EEOC within 180 days of the alleged unlawful employment practice. However, where the claimant originally files with a state or local agency which also has the authority to grant relief, the statute permits the claimant to file with the EEOC within 300 days of the alleged unlawful practice, or within 30 days after receiving notice that the state or local authority has terminated investigation, whichever is earlier. Id.

Where federal and state law overlap, employment discrimination charges may be filed with either the EEOC or the DFEH. State agencies are authorized to investigate and enforce Title VII claims pursuant to "worksharing" agreements with the EEOC. 42 U.S.C.

3

§ 2000e-(8)(b); 29 C.F.R. § 1626.10(c). As a result of such worksharing agreements, each agency designates the other as its agent for purposes of receiving charges on discrimination claims that overlap under federal and state law. Generally, a charge to a state agency is deemed automatically filed with the EEOC 60 days following the filing of the charge with the state agency. 29 C.F.R. § 1626.13(b); Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1175-76 (9th Cir. 1999). In addition, charges filed with either agency are automatically forwarded to the other. Id. (charges filed with DFEH are forwarded to and deemed filed with EEOC).

Nevertheless, while charges filed with the DFEH may be deemed constructively filed with the EEOC, Title VII still requires a right-to-sue notice specifically from the EEOC in order to file suit in federal court. Federal-state cooperation does not extend to exhaustion of administrative remedies. Jones v. Grinnell Corp., 235 F.3d 972, 997 (5th Cir. 2001); Martin v. Lockheed Missiles and Space Co., 29 Cal. App. 4th 1718, 1726 (1994). Title VII explicitly outlines a time period for a claimant to file with the EEOC, even if he has already filed with a state agency. 42 U.S.C. 2000e-5(1). This requirement implies that a right-to-sue notice from a state agency is not interchangeable with a right-to-sue notice from the EEOC, and a claimant must obtain a notice from the EEOC in order to present federal discrimination claims.[2]

Shek also alleges discrimination of the basis of age, in violation of the ADEA, which has slightly different exhaustion requirements than Title VII and the ADA. Both Title VII and the ADEA require exhaustion of administrative remedies prior to filing a lawsuit alleging discrimination in employment in violation of those statutes. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Like Title VII, the ADEA requires a claimant to file with the EEOC within

---

[2] Other district courts have considered this issue. See, e.g., Baker v. Res-Care Inc., 2005 WL 1500847 (N.D. Cal., June 24, 2005); Turley v. C.U.R.A., Inc., 2002 U.S. Dist. LEXIS 15465 (N.D. Cal., Aug. 15, 2002). Both courts deferred to the California Court of Appeal's determination in Roman v. County of Los Angeles, 85 Cal. App. 4th 316 (2000), that a state agency right-to-sue letter is not interchangeable with a letter from the EEOC because Title VII specifically sets a deadline for filing with the EEOC after the case closure by the state agency. Id. at 325-26.

4

1 180 days of the alleged unlawful practice. 29 U.S.C. § 626(d). The ADEA also has an
2 exception where the charge was originally filed with a state agency, allowing a claimant to
3 file within 300 days from the alleged discrimination, or 30 days after receiving a right-to-sue
4 letter from the state agency, whichever is earlier. Id. However, the ADEA does not require
5 a right-to-sue letter to commence suit. Id.

6     2.    Discussion

7 Defendants argue that the complaint must be dismissed because Shek failed to
8 obtain a right-to-sue letter from the EEOC before filing suit. As noted, this court may
9 review extrinsic evidence in addition to the complaint if the jurisdictional issue can be
10 separated from questions of merit. Roberts, 812 F.2d at 1177. The present motion turns
11 only on whether Shek properly exhausted his remedies with the EEOC and does not
12 address the merits of his complaint.

13 Shek's complaint alleges that he filed charges with either the EEOC or the DFEH on
14 January 12, 2005. However, the copy of Shek's DFEH charge submitted by defendants
15 shows it was filed on January 12, 2006. The DFEH right-to-sue letter, issued on December
16 21, 2006, is attached to the complaint. The letter does not indicate if the charge was
17 forwarded to the EEOC. The complaint also alleges that the EEOC issued a right-to-sue
18 letter; however, no copy of the letter is attached to the complaint.

19 The evidence indicates that Shek's complaint was not filed with the EEOC, and that
20 he failed to obtain the required EEOC right-to-sue letter. With his opposition to the present
21 motion, Shek submitted a DFEH Pre-Complaint Questionnaire, dated February 7, 2005,
22 which indicates that he had not yet filed with the EEOC as of that date. He also received a
23 letter from the DFEH on April 12, 2005, asking him about a missed telephone interview
24 regarding his complaint. Shek replied to the DFEH by letter on April 21, 2005, and asked to
25 defer his complaint two months so that he could complete Stanford's internal grievance
26 process. Both Shek and defendants submitted a copy of the notice of the DFEH charge
27 received by defendants, dated January 18, 2006.

28 As noted, the DFEH right-to-sue letter is not sufficient to present federal

discrimination claims as to the Title VII and ADA claims. Therefore, Shek has failed to exhaust his administrative remedies. With regard to the ADEA claim, Shek failed to exhaust his administrative remedies because he did not file with the EEOC.

It appears that the DFEH charge was never forwarded to the EEOC. On the copy of the DFEH charge submitted by defendants, all text that references an EEOC charge is lined out or marked "N/A." Shek does not dispute the authenticity of this document, and his signature appears below the lined-out text. If a plaintiff never brings the complaint to the appropriate administrative agency, the district court lacks jurisdiction to hear the case. Blank v. Donovan, 780 F.2d 808, 809 (9th Cir. 1986); Scott v. Perry, 569 F.2d 1064, 1065-66 (9th Cir. 1978).

Shek did send a letter to the EEOC on February 7, 2005, but that letter was not sufficient to put the EEOC on notice that he was claiming discrimination in employment. Though discrimination claims must be liberally construed, they must at least be sufficient to advise the agency that a claim is being made. Sommatino, 255 F.3d at 710. In Sommatino, multiple emails and verbal complaints to the EEOC were found insufficient to engage the administrative process. Id. Shek's single letter of February 7, 2005 letter, which he failed to follow up on, was similarly insufficient.

Because Shek did not file a claim with the EEOC, and requested that the DFEH complaint not be forwarded to the EEOC, he failed to exhaust his administrative remedies for his ADEA claims as well.[3]

At oral argument, Shek did not dispute defendants' claim that he failed to file a charge of discrimination with the EEOC, and did not obtain a right-to-sue letter from the EEOC. He simply asserted that he should not be held responsible for the EEOC's failure to respond to his letter. However, there is no authority to support Shek's contention that his

---

[3] Moreover, even if the DFEH had forwarded Shek's claim to the EEOC, the court would have dismissed the ADEA claims as untimely, because the DFEH claim was filed one year after Shek was terminated. EEOC v. Dinuba Medical Clinic, 222 F.3d 580, 585 (9th Cir. 2000) (charge of discrimination must be filed with state agency within 240 days of the unlawful employment practice to be considered timely filed with the EEOC).

6

EEOC "complaint" should have been considered closed absent a right-to-sue notice from the EEOC.  Shek failed to follow up on his initial letter to the EEOC, and also failed to file with the DFEH in a timely manner which could have permitted him to also file with the EEOC.  Therefore, there is no basis to afford him equitable remedies where no administrative filing was ever made.  See Ross v. United States Postal Service, 696 F.2d 720, 722 (1983).

Without a right-to-sue letter, this court lacks subject matter jurisdiction over Shek's Title VII and ADA claim.  Jones, 235 F.3d at 975.  Additionally, the evidence indicates that Shek's complaint was never properly filed with the EEOC.  Thus he did not satisfy the jurisdictional prerequisite for his ADEA claim.  29 U.S.C. § 626(d).  Accordingly, defendants' motion must be GRANTED.

B.  Failure to State a Claim

Because the court finds that it lacks subject matter jurisdiction under Rule 12(b)(1), it does not address defendants' arguments under Rule 12(b)(6).

## CONCLUSION

Without a right-to-sue letter from the EEOC, Shek cannot establish subject matter jurisdiction for his claims under either Title VII or the ADA.  Additionally, because he failed to file with the EEOC, Shek has failed to exhaust his administrative remedies for his ADEA claims.  Therefore, this court lacks the power to exercise federal jurisdiction and the complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  As the court advised plaintiff at the hearing, the present ruling does not affect any right he may have to proceed in state court, as it appears he did obtain a right-to-sue letter that completed the exhaustion process on any claims pursuant to state law.

**IT IS SO ORDERED.**

Dated: August 13, 2007

PHYLLIS J. HAMILTON
United States District Judge

7